## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, | ) |
| | ) |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) |
| *Plaintiffs*, | ) ) |
| v. | )  No. 1:20-cv-02320 |
| FEDERAL BUREAU OF PRISONS, | ) ) |
| *Defendant*. | ) ) |

## **DECLARATION OF CASSANDRA STUBBS, ATTORNEY AT LAW**

I, Cassandra Stubbs, pursuant to 28 U.S.C. § 1746, declare and state the following:

1. I am an attorney for Plaintiffs the ACLU in the above captioned case. I am the Director of the ACLU's Capital Punishment Project, a project of the ACLU's national legal department. I have moved for admission to this Court *pro hac vice.*

2. I am over eighteen (18) years old and competent to declare to the matters herein.

3. On August 6, 2020 I submitted the attached FOIA request to the Bureau of Prisons electronically via email. Ex. 1.

4. On August 7, 2020, I received by email a letter from Eugene Baime, attorney for the Federal Bureau of Prisons, indicating that our FOIA request had been granted expedited processing. Ex. 2.

5. Today, on August 24, 2020, I received a two-line email, stating "Your request is still being processed at this time. Thereore, I am unable to give you a completion date." Aside

from the grant of expedited processing and this short email, I have not received any response or documents to the ACLU FOIA request from August 6, 2020.

6. The BOP's letter granting expedited processing indicated that I should direct follow up questions to Mr. Baime or Darnell Stroble at ogc_efoia@bop.gov.

7. On Friday, August 21, 2020, I emailed Mr. Baime and Mr. Stroble and informed them of our intent to file suit because we had not yet received a response to our FOIA or any documents. I asked that they produce a subset of the records requested in our FOIA by Monday, August 24, 2020 at 11:00 a.m. in light of the execution scheduled for Wednesday August 26, 2020. I also advised them that we would seek a TRO if necessary to compel the documents and asked whether they would consent to the TRO. I have not received a response to this email.

8. We filed the complaint in the instant action late on Friday afternoon. Later on Friday evening on August 21, 2020, I contacted Jean Lin, Special Litigation Counsel for the Department of Justice by email and provided a courtesy copy of the filed complaint and the email I had sent to Mr. Baime and Mr. Stroble. I asked Ms. Lin who would represent the BOP in the FOIA suit.

9. On August 22, 2020, Ms. Lin informed me by email that an attorney in her office would handle the suit. On August 24, 2020, she indicated that the Defendant opposes the TRO.

I hereby declare, pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct.

Signed this 24th day of August, 2020.

/s/ Cassandra Stubbs
Cassandra Stubbs

August 6, 2020

Freedom of Information Act/Privacy Action Section
Office of General Counsel, Room 924
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20535
(E): OGC_EFOIA@BOP.GOV

      **RE:**     **Request Under Freedom of Information Act**
                       **(Expedited Processing Requested)**



Capital Punishment
Project

201 W. Main Street
Suite 402
Durham, NC 27701
aclu.org

Cassandra Stubbs
*Director*

To Whom It May Concern:

    The American Civil liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU") submit this Freedom of Information Act request for records pertaining to federal executions at FCC Terre Haute, including information related to the executions of Daniel Lee on July 14, 2020, Wesley Purkey on July 16, 2020, and Dustin Honken on July 17, 2020, as well as information about COVID-19 conditions within the facility and expenses associated with the executions. 5 U.S.C. § 552, *et seq*.

## I.    Background

    On June 15, 2020 the Federal Government announced three back-to-back executions at the Federal Correctional Complex, Terre Haute (FCC Terre Haute) scheduled for July of 2020, the first federal executions in seventeen years. It did so even though the nation is in the midst of a global health crisis from the COVID-19 pandemic and even as most states have declined to carry out executions during the crisis. Prisons are hotspots for the infection,[1] and the Bureau of Prisons (BOP) has suspended legal visitation nationwide since mid-March to reduce spread within the prisons and surrounding counties. FCC Terre Haute is no exception, and visitation, including legal visits, remain suspended.[2] Against this background, the Federal Government planned the three July executions, each of which, according to BOP counsel, involved the gathering and movement of hundreds of staff and law enforcement officers throughout the prison, as well as media, legal, family, and spiritual advisor witnesses, many of whom traveled from around the country.

---

[1] *See e.g*., Coronavirus in the U.S. Latest Map and Case Count, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html#clusters, Aug. 3, 2020 (all ten of the largest clusters of COVID cases are at jails or prisons).
[2] Federal Bureau of Prisons, USP Terre Haute, https://www.bop.gov/locations/institutions/thp/Aug. 4, 2020.

On July 2, 2020, the ACLU filed suit on behalf of Reverend Dale Seigen Hartkemeyer, the spiritual advisor for Wesley Purkey, alleging that carrying out Mr. Purkey's execution during the pandemic at a facility with a known COVID-19 outbreak, burdened Rev. Hartkemeyer's right to the free exercise of religion by forcing him to choose between his spiritual obligation to be present at Mr. Purkey's execution and protecting his own health and safety. *Hartkemeyer v. Barr*, *et al.,* No. 2:20-cv-0036-JMS-DLP (S.D. Ind). Relatedly, the surviving victims' family members in the Daniel Lee case also filed suit challenging the scheduling of Mr. Lee's execution during the pandemic as an arbitrary agency action. *Peterson v. Barr*, 2:20-cv-00350-JMS-DLP (S.D. Ind.). Both suits sought preliminary injunctions, and although an injunction was issued in the *Peterson* case, it was ultimately vacated and all three July executions were carried out.

Many of the facts in the two lawsuits stemmed from declarations BOP counsel Rick Winter had submitted describing the execution process. The first declaration, submitted in November, 2019 in connection with litigation around the constitutionality of the lethal injection protocol, detailed the large scale of individuals involved in federal executions, including:[3]

1. The "execution team, which consists of 40 BOP staff members," who normally conduct a "wide range of correctional and administrative positions," some of whom will require travel and lodging arrangements, and who will spend several days before the executing practicing and preparing for the execution;[4]
2. Approximately 200 FCC Terre Haute staff will be "pulled away from their normal duties" to perform security and support for the execution;[5]
3. Specialized BOP teams of 50 individuals each traveling to FCC Terre Haute from other BOP institutions, like the Special Operations Response Team and Disturbance Control Team;[6]
4. Additional contractors "who have made themselves available" and "presumably have made any necessary arrangements for personal and work related matters";[7]
5. Additional staff from various federal, state, and local law enforcement agencies.[8]

Mr. Winter noted that the BOP intended to arrange and pay for the travel and lodging of the special teams, the execution team, a number of BOP administrators, and the victims' family members. *Id*. He further described that

---

[3] *Re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-145-TSC, Declaration of Rick Winter ("Winter Decl."), ECF No. 54 (D.D.C. Nov. 21, 2019). Attached hereto as Exhibit A.

[4] *Id.* ¶ 5.
[5] *Id.* ¶ 8.
[6] *Id* ¶ 10.
[7] *Id.* ¶ 6.
[8] *Id.* ¶ 7.

the prison would need to make alternative meal plans for days around the executions for the 2,600 prisoners "at a greatly increased cost to the BOP."[9]

In subsequent declarations, Mr. Winter described the BOP's plan to reduce exposure to COVID-19 for witnesses and participants attending the executions. He repeatedly reported that "[a]ll BOP staff are required to wear face masks." *Hartkemeyer v. Barr*, *et al.,* No. 2:20-cv-0036-JMS-DLP, ECF 33-1, ¶ 7 (Declaration of Rick Winter, July 6, 2020); ECF 51-1 (¶ 8) (Declaration of Rick Winter, July 8, 2020), attached hereto as Exhibit B.

On July 12, 2020 – the day before Mr. Lee's scheduled execution— Mr. Winter disclosed that a staff member had tested positive for the virus the day before, on July 11, 2020. *Hartkemeyer v. Barr*, *et al.,* No. 2:20-cv-0036-JMS-DLP, ECF 77-1, ¶ 4 (Declaration of Rick Winter, July 12, 2020). This staff member, however, had learned of his exposure to COVID-19 three days before his test, on July 8, 2020. *Id.* Between his exposure to the virus and testing positive, a period of at least four days, this staff member did not wear a mask, contrary to Mr. Winter's prior declarations. The infected staff member attended several meetings with law enforcement and other staff involved in security and preparations for the July executions. The staff member also spent time in the Special Confinement Unit (SCU), where the death row prisoners scheduled for executions are held And the SCU is where the BOP offered social, legal and spiritual advisor visits for Mr. Lee, Mr. Purkey, and Mr. Honken prior to the executions.

Meanwhile, COVID-19 cases in Vigo County, where FCC Terre Haute is located, have continued to rise since the middle of July, when the federal executions were carried out:



---

[9] *Id.* ¶ 8.

Indiana COVID-19 Data Report, Aug. 4, 2020, https://www.coronavirus.in.gov/2393.htm.

## II.    Requested Records

**COVID-19 Data**

The ACLU seeks release of the following information related to COVID-19 and federal executions in the custody or control of the BOP:

1. All records that relate to COVID-19 testing statistics at the United States Penitentiary, Terre Haute (USP Terre Haute) and the Federal Correctional Institution, Terre Haute (FCI Terre Haute) from March 13, 2020 to the present. This includes, but is not limited to:
   a. the number of COVID-19 tests administered to prisoners and staff;
   b. the statistical results of those tests;
   c. the dates those tests were administered;
   d. the number of staff who tested positive whose duties have taken them into the SCU at USP Terre Haute on or after July 1, 2020; and
   e. the number of staff who were administered COVID 19 tests and who were involved in preparing for or carrying out any of the three federal executions in July 2020, and the results of such testing.

2. All documents or materials pertaining to any contact-tracing and other steps taken by BOP to identify staff and prisoners who may have been exposed to individuals infected with COVID-19.

3. All documents related to the "issue at the SCU" attended to by a COVID-19 positive FCI staff member reported in the July 12, 2020 Declaration of Rick Winter. This includes, but is not limited to the following information:
   a. The nature of the issue that required staff attention;
   b. whether any of the prisoners involved in the incident had or have execution dates;
   c. the identity of staff and prisoners who were exposed to the infected staff member;
   d. the date and length of time the infected staff member was in the SCU.

4. All documentation identifying the numbers of staff and prisoners who were involved in any events or activities with the COVID-19 positive FCI staff member reported in the July 12, 2020 Declaration of Rick Winter. This includes but is not limited to
   a. meetings with outside law enforcement in preparation for the scheduled executions; and
   b. meetings regarding the handling of demonstrators at the scheduled executions.

4

5. All records that describe the ventilation in the execution facility and all records that discuss or relate to the possibility of modifications or improvements to that ventilation because of COVID-19.

**Execution Cost and Staffing Data**

6. All documents describing the number of individuals that were involved in preparing for and carrying out of the federal executions in July and the number of individuals who are currently planned to be involved in the executions of Lezmond Mitchell on August 26, 2020, Keith Nelson on August 28, 2020, William LeCroy on September 22, 2020, and Christopher Vialva on September 24, 2020. This includes, but is not limited to:
    a. BOP staff;
    b. federal, state, and local law enforcement officers; and
    c. individuals hired on a contractual basis.

7. All documents describing the functions that were performed by contractors for the July executions and will be performed by contractors for the August executions.

8. All documentation related to the costs of carrying out the executions of Daniel Lee on July 14, 2020, Welsey Purkey on July 16, 2020, and Dustin Honken on July 17, 2020, including, but not limited to, materials pertaining to:
    a. costs of transporting staff, witnesses, media and/or protestors in relation to the execution;
    b. housing costs related to the executions, including hotels or housing in Terre Haute for victims' family members, contractors, BOP and other federal staff from other facilities;
    c. the contracts for third parties hired for any purpose related to the executions, including, outside cleaning companies used to sanitize the execution chamber, visiting rooms used by prisoners with warrants, and witness staging areas prior to and between executions;
    d. the cost associated with utilizing other federal, state, and local law enforcement agencies to provide security for the executions;
    e. the increased cost to BOP staffing changes caused by the executions, including alterations in meal preparation for the prisoners at FCC Terre Haute.

9. Any documentation listing the facilities where BOP staff have traveled or will travel from in order to provide additional security and support for the July and August executions.

10. Any documentation listing the expenses related to items purchased for the purpose of conducting executions, including but not limited to:
    a. additional personal protective equipment;
    b. lethal injection drugs;
    c. equipment used to administer lethal injection drugs.

### III.    Application for Expedited Processing

The ACLU requests expedited processing of this FOIA request pursuant to 5 U.S.C. § 552(a)(6)(E).  There is a "compelling need" for the requested material, as defined in the statute, because the information requested is "urgen[tly]" needed by an organization primarily engaged in disseminating information "to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552 (a)(6)(E)(v)(II). .  The federal executions are of significant national interest and have been the topic of extensive reporting.  This coverage includes heavy reporting about the extent of the spread of COVID-19 at FCC Terre Haute, where federal death row prisoners are held and executed.[10]

Obtaining information about government activity, analyzing that information, and widely publishing and disseminating that information to the press and public are critical and substantial components of the ACLU's work and are among its primary activities.[11] The ACLU regularly engages in public education efforts specifically on issues involving the death penalty at both the state and federal levels. The ACLU does not seek the information in this FOIA

---

[10] *See e.g.,* Andrew Cohen, *Killing in Our Name During a Deadly Pandemic*, Intelligencer (July 14, 2020) https://nymag.com/intelligencer/2020/07/restarting-federal-executions-covid-19-unjustifiable.html; *ACLU Statement on Loss in Suit to Delay Federal Executions Until After COVID-19*, ACLU (July 14, 2020) https://www.aclu.org/press-releases/aclu-statement-loss-suit-delay-federal-executions-until-after-covid-19; *Worker aiding in federal execution prep tests positive for COVID-19*, Kark News (July 12, 2020) https://www.kark.com/news/local-news/worker-aiding-federal-execution-prep-tests-positive-for-covid-19/; Nina T. Harawa, *As COVID-19 flares behind bars, now's not the time for more Terre Haute executions,* IndyStar (Updated July 11, 2020) https://www.indystar.com/story/opinion/2020/07/08/op-ed-coronavirus-flares-behind-bars-now-not-time-executions/5389249002/; Kate Michael, *Federal Executions to Resume Amid Due Process, COVID-19, and Protocol Concerns,* The Well News (July 10, 2020) https://www.thewellnews.com/federal-executions-to-resume-amid-due-process-covid-19-and-protocol-concerns/; Carrie Johnson, *Lawsuit Seeks Delay in Pending Federal Execution*, Citing COVID-19 Infection Risks, NPR (July 2, 2020) https://www.npr.org/2020/07/02/886403059/lawsuit-seeks-delay-in-pending-federal-execution-citing-covid-infection-risks; Michael Balsamo, Priest sues to stop federal execution over coronavirus risk, Federal News Network (July 2, 2020) https://federalnewsnetwork.com/government-news/2020/07/priest-sues-to-stop-federal-execution-over-coronavirus-risk/.

[11] Courts have found that the ACLU as well as other organizations with similar missions that engage in information-dissemination activities similar to the ACLU are "primarily engaged in disseminating information*." See, e.g., Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005); *ACLU v. DOJ*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004); *Elec. Privacy Info. Ctr. v. DOD*, 241 F. Supp. 2d 5, 11 (D.D.C. 2003).

request for commercial use but to analyze, publish, and disseminate the disclosed information to the public at no cost.

Given the Federal Government's plan to proceed with four additional back-to-back executions at FCC Terre Haute at the end of August and the end of September despite the continued rise in COVID-19 cases, there is an "urgency to inform the public" of Federal Government actions related to executions carried out on July 14 – 17, 2020. The ACLU therefore asks that the requested information be disclosed within ten days, in advance of the next federal executions, the first of which is scheduled for August 26, 2020.

### IV.     Request for Fee Waiver

Pursuant to 5 U.S.C. § 552 (a)(4)(A)(iii), the ACLU requests a waiver of all fees for this request. Disclosure of the requested information to the ACLU is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not for commercial interest. The requested cost and COVID-19 related information is relevant to the determination of whether the Department of Justice (DOJ) can safely proceed with planned executions in the facility during a pandemic. Moreover, the public has a right to know how much of their own tax dollars were spent, and will continue to be spent, to carry out unsafe executions during a time when the pandemic has abruptly forced the nation into an unprecedented economic crisis.

Pursuant to applicable statutes and regulations, the ACLU expects a determination regarding expedited processing within 10 days. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 32 C.F.R. § 1900.2l(d); 28 C.F.R. § 16.5(e)(4); 32 C.F.R. § 286.4(d)(3); 22 C.F.R. § 171.12(b). If the Request is denied in whole or in part, the ACLU asks that you justify all deletions by reference to specific exemptions to FOIA. The ACLU expects the release of all segregable portions of otherwise exempt material. The ACLU reserves the right to appeal a decision to withhold any information or deny a waiver of fees.

Thank you for your prompt attention to this matter. Please furnish all applicable records to:

> Cassandra Stubbs
> Director
> ACLU Capital Punishment Project
> 201 W. Main Street, Suite 402
> Durham, NC 27701
> cstubbs@aclu.org

      I affirm that the information provided supporting the request for expedited processing is true and correct to the best of my knowledge and belief. *See* 5 U.S.C. § 552(a)(6)(E)(vi).

      Respectfully,

      Cassandra Stubbs

# Exhibit A

Case 2:20-cv-01033-JMS-DLP Document 6-25 Filed 02/03/24 Page 12 of 19 PageID #: 191
Case 1:19-mc-00145-TSC Document 54 Filed 11/21/19 Page 1 of 5
USCA Case #19-5322    Document #1817384    Filed: 11/25/2019    Page 44 of 48

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,

LEAD CASE: *Roane et al. v. Barr*

THIS DOCUMENT RELATES TO:

*Bourgeois v. Barr, et al.*, 12-cv-0782
*Lee v. Barr, et al.*, 19-cv-2559
*Purkey v. Barr, et al.*, 19-cv-03214

No. 1:19-mc-00145-TSC

DECLARATION OF RICK WINTER

I, Rick Winter, do hereby declare and state as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as Regional Counsel for the BOP's North Central Region. I have held this position since October 2016. I have been employed by the BOP since 1994.

2. The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. The BOP, under the supervision of the United States Marshals Service, is responsible for implementing federal death sentences. See 18 U.S.C. § 3596(a); 28 C.F.R. Part 26. Currently, execution dates are in place for four inmates. Specifically, Daniel Lewis Lee's execution is scheduled to occur on Dec. 9, 2019; Wesley Ira Purkey's execution is scheduled to occur on Dec. 13, 2019; Alfred Bourgeois' execution is scheduled to occur on Jan. 13, 2020; and Dustin Lee Honken's execution is scheduled to occur on Jan. 15, 2020.

4. In advance of these dates, the BOP has been, and intends to continue, making necessary

A17

Case 2:20-cv-02366-JMS-DLP Document 6-25 Filed 07/22/20 Page 61 of 192 PageID #: 192
Case 1:19-mc-00145-TSC Document 54 Filed 11/21/19 Page 2 of 3
USCA Case #19-5322   Document #1817384   Filed: 11/25/2019   Page 45 of 48

arrangements.

5. Such arrangements include the activation of the execution team, which consists of over 40 BOP staff members. These staff members will, by necessity, be removed from their normal duties, which include a wide range of correctional and administrative positions within the BOP. Pursuant to the current operational plan, these staff members are scheduled to cease their normal duties several days in advance of a scheduled execution, in order to give the team time to practice and prepare for their role in an execution. In addition to the team members, a number of BOP administrators will be present as well, also ceasing their normal duties in the days in advance of an execution. Logistical items such as travel, lodging and personal arrangements have already begun for the two execution dates in December.

6. Additionally, the BOP plans to use contractors who have made themselves available and presumably have made any necessary arrangements for personal and work related matters based on the executions scheduled in December.

7. Executions are scheduled to take place at the Federal Correctional Complex at Terre Haute, Indiana (FCC Terre Haute). Accordingly, FCC Terre Haute is also mobilizing personnel in preparation of the currently scheduled executions. In preparation, FCC Terre Haute has also been coordinating with federal, state, and local law enforcement agencies, some of whom have indicated their plans to send personnel to FCC Terre Haute to help maintain security for the currently scheduled executions.

8. Approximately 200 FCC Terre Haute staff will serve as institution security and support during an execution. With its staff pulled away from their normal duties, FCC Terre Haute will not be able to operate under normal conditions. For example, due to expected staffing issues and changes in security procedures, FCC Terre Haute will not be able to prepare

A18

Case 2:20-cv-02336-JWS-DLB Document 6-35 Filed 07/28/24 Page 14 of 19 #: 193
Case 1:19-mc-00145-TSC Document 54 Filed 11/21/19 Page 3 of 3
USCA Case #19-5322    Document #1817384    Filed: 11/25/2019    Page 46 of 48

9. Additionally, FCC Terre Haute has made arrangements for specific needs related solely to an execution, for example contracting for buses which will be used to transport public demonstrators who wish to assemble.

10. Schedules for FCC Terre Haute staff members are currently being created, allocating staff based on current execution dates. For additional security and support, specialized BOP teams such as Special Operations Response Teams (SORT) and Disturbance Control Teams (DCT) will travel to FCC Terre Haute from other BOP institutions. These teams consists of approximately 50 individuals. Again, logistical arrangements such as travel and lodging have already begun for the current execution dates.

11. Additionally, BOP has made travel and lodging arrangements for the victims' family members to attend the December executions.

12. Any adjustment to the execution dates would require significant planning and coordination such as that which already has been undertaken by BOP to date.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 21st day of November, 2019.

_____
Rick Winter
Federal Bureau of Prisons

A19

# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

DALE HARTKEMEYER (AKA SEIGEN)  )
           Plaintiff,  )
v.  )  Case No. 2:20-cv-00336-JMS-MJD
WILLIAM P. BARR, ET AL,  )
           Defendants.  )

## DECLARATION OF RICK WINTER

I, Rick Winter, do hereby declare and state as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as Regional Counsel for the BOP's North Central Region. I have held this position since October 2016. I have been employed by the BOP since 1994.

2. The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. I previously provided a declaration in this matter stating that "as of July 2, 2020, ninety two staff members at FCC Terre Haute have been tested for COVID-19. Of those, one staff member at the FCI previously tested positive but has recovered. At the USP, no staff members have tested positive for COVID-19. No FCC staff members are currently positive for COVID-19." See ECF No. 33, Ex. A ¶ 7.

4. On the morning of July 8, a BOP staff member at FCI Terre Haute learned that individuals with whom he visited the prior weekend tested positive for COVID-19. The staff member

1

immediately left work, which was at 11:30 a.m., and entered self-quarantine (i.e., he has not returned to FCI Terre Haute since departing on July 8).

5. On the evening of July 11, the staff member informed BOP that he received a positive COVID-19 test result earlier that day.

6. Between the staff member's potential exposure and his departure on July 8, he, among other things, attended the law enforcement meeting with outside law enforcement in preparation for the scheduled executions; attended a meeting regarding the handling of demonstrators at the scheduled executions; and attended to an issue at the SCU.

7. Although the staff member did not wear a mask at all times during this period, he did not come into contact with the BOP execution protocol team, which arrived the afternoon of July 8 (i.e., after the staff member had departed), nor does he recall coming into contact with any members of the Crisis Support Team (CST), who are involved in victim witness transportation and logistics.

8. During this period, the staff member did not visit the execution facility or the adjacent command center, nor does he recall being in the witness staging area or any of the vehicles that will transport witnesses for the executions.

9. BOP is taking steps to determine with whom the staff member was in contact, and will follow guidelines issued by the Centers for Disease Control and Prevention. For the duration of the execution or until a negative test is obtained, BOP will ensure that those staff members identified as having had contact with the infected staff member do not have contact with the inmates scheduled for execution, ministers of record, witnesses of the execution, attorneys, or press.

10. BOP will continue to perform the mitigation measures identified in my prior declaration dated July 6, including temperature check and symptom screen all individuals arriving at

FCC Terre Haute and disinfecting all areas that will be visited by ministers of record, witnesses of the execution, attorneys, and press.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 12th day of July 2020.

_Rick Winter (JC)_
Rick Winter
Federal Bureau of Prisons

3



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC 20534*

August 7, 2020

Cassandra Stubbs
ACLU Capital Punishment Project
201 W. Main Street, Suite 402
Durham, NC 27701

Request Number: 2020-06027

Dear Ms. Stubbs:

We received the above referenced Freedom of Information Act (FOIA) request wherein you seek expedited processing. A copy of the first page of your request is attached.

The Department of Justice requires all requests for records be processed on a first-in, first-out basis. The four exceptions to this requirement are: "(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e).

Your request meets the requirement to be processed on an expedited basis and will be expedited to the best of our ability. This request will be placed on the processing track ahead of other requests and processed as soon as practicable. Processing this request may take up to six months.

If you have any questions, please contact the undersigned or BOP's FOIA Public Liaison, Mr. C. Darnell Stroble at (202) 616-7750; 320 First Street NW, Suite 936, Washington, DC 20534; or ogc_efoia@bop.gov. You can also check the status of your request at http://www.bop.gov/PublicInfo/execute/foia.

Sincerely,

K. Scarantino, for
Eugene E. Baime, Supervisory Attorney