**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, <br><br>AMERICAN CIVIL LIBERTIES UNION, FOUNDATION, <br><br>      *Plaintiffs*, <br>v. <br><br>FEDERAL BUREAU OF PRISONS, <br><br>      *Defendant*. | Case No. 1:20-cv-2320 (RBW) |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 7(h)(1) of the Local Rules of the United States District Court for the District of Columbia, Plaintiffs respectfully submit this Statement of Undisputed Material Facts in support of Plaintiff's Cross-Motion for Summary Judgment:

(1) On August 6, 2020, Plaintiffs ACLU submitted a FOIA request to Defendant BOP seeking information related to COVID-19 and the costs of carrying out federal executions. Stubbs Decl. Ex. 1 FOIA Request, at 4-6.

(2) The Request sought information for ten subcategories related to the federal executions, including information about COVID-19 testing at FCC Terre Haute, Indiana, contact tracing, and cost and staff data for the federal executions. Stubbs Decl. Ex. 1 FOIA Request, at 4-6.

(3) Some of the subcategories sought information specifically for the months of July and August and others July through September 2020. Stubbs Decl. Ex. 1 FOIA

1

Request, at 4-6 (requests 3, 4, 6, 7, 8, and 9).

(4) Other subcategories were not limited to those months. Stubbs Decl. Ex. 1 FOIA Request at 4-6 (requests 1, 2, and 10).

(5) Plaintiffs stated in their request that they sought the information in order to inform the public about matters of significant public interest related to how the federal government was carrying out the federal executions. Stubbs Decl. Ex. 1 FOIA Request at 6-7.

(6) Plaintiffs stated in their request that they sought expedited processing as an organization primarily engaged in disseminating information to inform the public concerning actual or alleged Federal Government Activity. Stubbs Decl. Ex. 1 FOIA Request at 6.

(7) BOP acknowledged the request on August 7, 2020, and granted expedited processing. Stubbs Decl. Ex. 2 BOP letter.

(8) BOP stated nonetheless that the request could take as long at least six months. Stubbs Decl. Ex. 2 BOP letter.

(9) Plaintiffs requested that BOP produce the records in advance of the next scheduled execution, on August 24, 2020. Stubbs Decl. Ex. 1 FOIA Request, at 7.

(10) By August 21, 2020, Defendant had not produced any records or provided an anticipated time for completion. ECF 22, Def.'s Answer. ¶ 8.

(11) Plaintiffs filed an initial complaint on August 21, 2020, seeking production of the requested records. ECF 1, Compl.

(12) On August 24, 2020, Defendant sent Plaintiffs an email that read in its entirety, "Hello, Your Request is still being processed at this time. Therefore, I am unable

to give you a completion date. Regards, T. Allen." ECF 17-1, Am. Compl. ¶ 24; ECF 22, Def.'s Answer. ¶ 24.

(13) Plaintiffs filed a Motion for a Preliminary Injunction on August 28, 2020. ECF 1.

(14) Plaintiffs filed an Amended Complaint on September 4, 2020. ECF 17.

(15) On September 4, 2020, the Court granted in part and denied in part Plaintiffs' Preliminary Injunction. ECF 18.

(16) On September 18, 2020, BOP produced its first batch of records. ECF 38-4, Christenson Decl. ¶ 21.

(17) On September 24, 2020, BOP filed its Answer to Plaintiffs' Amended Complaint. ECF 22.

(18) BOP produced additional records on October 15, 2020; October 22, 2020; November 14, 2020; December 7, 2020; and January 7, 2021. ECF 38-4 Christenson Decl. ¶ 21.

(19) BOP determined 687 pages of records were responsive to Plaintiffs' request. ECF 38-4 Christenson Decl. ¶ 21.

(20) BOP released 312 unredacted pages, released 393 redacted pages, and withheld in full 33 pages. ECF 38-2, Def.'s MSJ at. 8; ECF 38-8 Vaughn Index.

(21) As set out in the Vaughn Index, ECF 38-8, the information withheld in part or in full includes:

- Job titles and job posts redacted from COVID-19 contact tracing and spreadsheets (Categories 4-7 of the Vaughn Index);
- Redactions of the names of vendors, contractors, and related cost information on a Tracking Report (Category 8 of the Vaugh Index);

- Redactions or whole withholdings of the identities of companies who procured Pentobarbital, descriptions of the substance, quantity and concentration of the pentobarbital; information about production timelines; purchase dates and deliveries in vouchers, contracts, invoices, emails, obligations, payment reports, and vendor payment forms (Categories 9, 10, 13, and 15 of the Vaughn Index);
- Redactions that might reveal the numbers of individuals who participated in staffing of the execution (Categories 16 and 19 of the Vaughn Index).

(22) BOP representatives Richard Winter and Warden T.J. Watson gave inconsistent numbers about the numbers of staff involved in federal executions. Stubbs Decl. Ex. 1 at 10-12, Winter Decl. ¶¶ 5, 6, and 10; Ex. 3 Winter Decl. ¶ 11; Ex. 4, Watson Decl. ¶ 16.

(23) BOP regional counsel Richard Winter testified on January 5, 2021 that he had not personally received any threats in connection with the federal executions and he was not aware of any threats. Stubbs Decl. ¶¶ 10-12.

(24) The media reported extensively about the 13 federal executions carried out during President Donald Trump's presidency. Stubbs Decl. ¶ 14.

(25) The media reported extensively about the risk of spread of COVID-19 from the federal executions. Stubbs Decl. ¶ 15.

(26) Multiple reporters issued stories about the FOIA disclosures to date about the costs of executions. Stubbs Decl. ¶ 17.

(27) There is no reasonable expectation that a federal execution will be scheduled in

the near future by this Administration. Stubbs Decl. Ex. 5, Govt. Brief in *Smith,* at 4.

(28) BOP concluded that the Special Operations Response Teams (SORT) and Disturbance Control Teams (DCT) were not necessary for the federal executions scheduled in January, 2021. Stubbs Ex. 4, Watson Decl. ¶ 16.

DATED: April 23, 2021

Respectfully submitted,

/s/ *Cassandra Stubbs*
Cassandra Stubbs (Admitted *pro hac vice*)
Henderson Hill (D.C. Bar No. 358378)
Olivia Ensign (Admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
(919) 688-4605
cstubbs@aclu.org
hhill@aclu.org
oensign@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
915 15th Street, NW, 2nd floor
Washington, DC 20005
(202) 601-4266
aspitzer@acludc.org

*Attorneys for Plaintiffs*